RICHMOND v. ST. LOUIS SOUTH-
WESTERN RY. CO.

No. 14025.

United States Court of Appeals
Fifth Circuit.

June 30, 1952.

Rehearing Denied Aug. 4, 1952.

Robert L. Richmond, in pro. per.

Vernon W. Woods, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Suing in *propria persona,* plaintiff below, alleging that he was wrongfully discharged from defendant's service on March 26, 1941, brought this suit to recover "the amount of wages he would have earned had he been continued in his position with the defendant from the date of such wrongful discharge * * * (a sum alleged to approximate twenty-five thousand dollars) to be computed and awarded him less the

credit to be shown in the following paragraph".

This paragraph alleged, the bringing of a suit in March, 1942, for wages due him from March 26, 1941, and the settlement of that suit in 1952, for $750.00, and concluded, "Accordingly defendant is entitled to credit in the amount due complainant for the period from March 26, 1941 to December 15, 1942, *and complainant is entitled to all wages due him subsequent to December 15, 1942*". (Emphasis supplied.)

The defendant moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a summary judgment on three grounds:[1] (a) that the claim had been settled by a written agreement of compromise; (b) that plaintiff was expressly excluded from the coverage of the agreement relied on by him; and (c) that the claim was barred by prescription. The plaintiff filed his affidavit which, in the form of a brief, presented plaintiff's theories of fact and law in opposition thereto, and the matter was fully heard.

Thereafter, the district judge, in a lengthy opinion,[2] canvassing the facts as they were shown without dispute by the documents filed, summarizing and construing those documents, including the compromise agreement,[3] and dealing fully with the respective theories of plaintiff and defendant, concluded: that there was no genuine issue of fact to be tried; and that on the record made defendant was entitled to judgment for the reason that the claim of the suit had been settled by the compromise and release. So concluding, he gave judgment accordingly.

Appealing from that judgment, plaintiff is here urging, and supporting his urging with a brief of more than 60 pages, that the judgment was wrong and must be reversed.

---

1. These were:

"(a) The fact that the claim presented by Plaintiff for adjudication has been definitely and finally settled by a Compromise Agreement entered into by and between the Plaintiff and Defendant herein in the month of December, 1942, in settlement of suit No. 84,515 on the Docket of the First Judicial District Court in the Parish of Caddo, State of Louisiana, entitled Robert L. Richmond v. St. Louis Southwestern Railway Company, all as more fully shown by a certified copy of Plaintiff's petition, marked Exhibit 'A' filed in this suit; copy of original of the said Compromise Settlement, marked Exhibit 'B'; and a certified true copy of the Petition and Order, marked Exhibit 'C', dismissing the said suit."

"(b) The fact that the position in which the Plaintiff was employed at the time of his discharge was expressly excluded from coverage under the Contract sued on by the Plaintiff, described by Plaintiff in Article 5 of his Complaint, and being the Agreement between the Defendant and its employees governing hours of service and working conditions of the Company's employees. Particular reference is made to Article 1, Rule 1, Sub-section B, wherein it is stated:

" 'This Agreement shall not apply to employees in: * * *'

" 'General and Commercial Agencies.' "

"(c) The fact that the claim of Plaintiff is barred by the prescription of one, three and ten years, as established by Articles 3534, 3538, and 3544, respectively, of the Revised Civil Code of 1870 of the State of Louisiana."

2. 99 F.Supp. 755, 758.

3. Of this, the opinion said:

"The compromise settlement of the suit in the state court was evidenced by an agreement in writing signed by the plaintiff and his attorney and by the trustee in bankruptcy of the defendant railroad, together with the latter's attorney. It contained the usual recitals that rather than risk the chances of litigation, they 'desired to compromise and settle between themselves the subject matter of the foregoing suit'; that defendant had paid the sum of $810.00, which plaintiff acknowledged to have received and 'has and does by these presents release and discharge * * * defendant from any and all claims, demands, rights and/or causes of action for any and all wages, penalties, attorney's fees, damages, and costs whatever by reason of his discharge as an employee of the defendant * * *. This agreement of transaction and compromise being intended to effect a transaction, compromise and definitive settlement of all claims * * * arising out of the employment and subsequent discharge of Robert L. Richmond' by defendant. As stated, Richmond's attorney also appeared, approved and joined 'in this definitive agreement of transaction, compromise and settlement.' "

842

The appellee in a much briefer brief, insists that the judgment should be affirmed for the reason given by the district judge, and for the added reasons: (1) that the contract on which plaintiff relies for his claim that he was wrongfully discharged expressly excludes him from its coverage; and (2) that the suit was barred by the one, three, and ten year prescriptions, Articles 3534, 3538, and 3544 of the Louisiana Statutes Annotated Civil Code.

Agreeing, as we do, with the views of the district judge that appellant is prevented by the settlement he made nearly ten years ago from now reurging his claim, we find it unnecessary to consider the other grounds for affirmance put forward by appellee except to say; that the long delay in suing seems inexcusable, except upon the theory that plaintiff knew he had fully settled his claim; and that on the issues of prescription of three and ten years, there is a great deal to be said in favor of appellee's view.

The judgment was right and it is affirmed.